NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7172

JAMES R. WEAVER,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

James R. Weaver, of Winton, North Carolina, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent appellee. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Christopher P. McNamee, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7172

JAMES R. WEAVER,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: October 12, 2007

_____

Before NEWMAN, DYK, <u>Circuit Judges</u>, and YEAKEL, <u>District Judge</u>.[*]

PER CURIAM.

James R. Weaver ("Weaver") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). <u>Weaver v. Nicholson</u>, No. 04-0010 (Vet. App. Oct. 24, 2006). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") denying Weaver's claim for service connection for coronary artery disease ("CAD") as secondary to service-connected post traumatic stress disorder ("PTSD"). Because this appeal involves issues that fall outside this court's jurisdiction, we <u>dismiss</u>.

---

[*] Honorable Lee Yeakel, District Judge, United States District Court for the Western District of Texas, sitting by designation.

BACKGROUND

Weaver served in active military duty from September 1967 to April 1969 and from May 1969 to March 1977. In January 1989, he was admitted to the Department of Veteran's Affairs ("VA") hospital and diagnosed with acute myocardial infarction. In March 1989, he was readmitted for chest pain and was diagnosed with CAD and hypercholesterolemia. Between 1989 and 1995, Weaver was readmitted on several occasions for anginal pain and CAD. The medical records show treatment of PTSD for the first time in May 1995.

In August 1995, Weaver filed a claim for service connection for PTSD and for CAD secondary to PTSD. In September 1995, a VA regional office awarded service connection for PTSD but denied his claim for service connection for CAD. Weaver appealed the decision to the Board. In support of his claim, Weaver submitted medical reports from Drs. Mary F. Maturi and Craig N. Bash, along with a statement from Rhonda Baker, R.N. These statements indicated that Weaver's CAD was related to his PTSD. Also in evidence were declarations submitted by Drs. Steven P. Sedlis and Gregory L. Freedman, which stated that Weaver's CAD was not service connected. On November 12, 2003, the Board, after weighing the evidence, concluded that a preponderance of the evidence weighed against awarding service connection for CAD as secondary to PTSD. Weaver appealed the Board's decision to the Veterans Court, which affirmed and entered judgment on November 17, 2006.

DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that

2007-7172

2

was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). However, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In substance, Weaver argues on appeal that the Veterans Court and Board did not properly weigh the medical evidence supporting his claim that his CAD is service connected. This issue is a factual determination not within our jurisdiction. Accordingly, we dismiss Weaver's appeal.

No costs.